FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 18 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH CALIXTE, JR.*17004719,

Plaintiff,

-against-

WILLIAM GILLESPIE:DETECTIVE OF
NASSAU COUNTY DISTRICT ATTORNEYS
OFFICE, KENNETH M. COZZA:SPECIAL
INVESTIGATOR OF NASSAU COUNTY
DISTRICT ATTORNEYS OFFICE, PAUL
DEVORE:DETECTIVE OF NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE, et. al.,

Defendant(s).

CIVIL RIGHTS COMPLAINT
42 U.S.C. §1983

JURY DEMAND
YES __X__ NO ____

CV-19 5898

AZRACK, J.

TOMLINSON, M.J.

RECEIVED

OCT 18 2019

EDNY PRO SE OFFICE

I. Parties:

A. Name of plaintiff _____ JOSEPH CALIXTE, JR.

NASSAU COUNTY CORRECTIONAL CENTER
100 CARMAN AVENUE
EAST MEADOW, NEW YORK 11554

Prisoner ID Number: _____ 17004719

B. List all defendants.

Defendant No. 1    WILLIAM GILLESPIE
Full Name
Detective/Nassau County District Attorneys
Job Title
OFFICE, 262 Old Country Road
Mineola, NEW YORK 11501
Address

1

Defendant No. 2

KENNETH M. COZZA
Full Name
SPECIAL INVESTIGATOR/DETECTIVE
OF NASSAU COUNTY DISTRICT ATTORNEYS
Job Title
OFFICE, 262 Old Country Road
Mineola, NEW YORK     11501
Address

Defendant No. 3

PAUL DEVORE
Full Name
DETECTIVE/NASSAU COUNTY DISTRICT
Job Title
ATTORNEYS OFFICE, 262 Old Country Road
Mineola, NEW YORK          11501
Address

Defendant No. 4

BILL WALSCH
Full Name
DETECTIVE/NASSAU COUNTY DISTRICT
Job Title
ATTORNEYS OFFICE, 262 Old Country Road
Mineola, NEW YORK          11501
Address

Defendant No. 5

JOHN R. LONGO
Full Name
DETECTIVE/STATE POLICE
Job Title

Valley Stream, NEW YORK   11580
Address

Defendant No. 6

THOMAS BIGGERS
Full Name
DETECTIVE/NASSAU COUNTY DISTRICT
Job Title
ATTORNEYS OFFICE, 262 Old Country Road
Mineola, NEW YORK          11501
Address

Defendant No. 7

THOMAS MEEHAN
Full Name

DETECTIVE/NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE.
Job Title

262 Old Country Road

Mineola, NEW YORK          11501
Address


Defendant No. 8

BRADLEY MOLLOY
Full Name

DETECTIVE/NASSAU COUNTY DISTRICT
Job Title

ATTORNEY'S OFFICE, 262 Old Country Road

Mineola, NEW YORK          11501
Address


Defendant NO. 9

CHRISTIANA MCSLOY
Full Name

DEPUTY BUREAU CHIEF OF NARCOTICS OF
NASSAU COUNTY DISTRICT ATTORNEY'S
Job Title

OFFICE, 262 Old COUNTRY ROAD

MINEOLA, NEW YORK          11501
Address


Defendant No. 10

MARTHA LEVENTHAL
Full Name

COURT APPOINTED ATTORNEY
Job Title

40 MAIN STREET, 3rd Floor,

HEMPSTEAD, NEW YORK   11550
Address


Defendant No. 11

ELLIOT J. BLUMETHAL
Full Name

ATTORNEY
Job Title

483 CHESTNUT STREET

CEDARHURST, NEW YORK          11516
Address

Defendant No. 12

TOVA   B.   SIMPSON
Full Name

ASSISTANT DISTRICT ATTORNEY
STREETS NARCOTICS GANG BUREAU
Job Title

OF NASSAU COUNTY, 262 Old Country Rd.

Mineola, NEW YORK          11501
Address


Defendant No. 13

WILLIAM  J. KEPHART
Full Name

ATTORNEY
Job Title

666 Old COUNTRY ROAD, SUITE 305

GARDEN CITY, NEW YORK        11530
Address


Defendant No. 14

KENNETH St. BERNARD
Full Name

ATTORNEY
Job Title

114 Old COUNTRY ROAD, SUITE 216

MINEOLA, NEW YORK        11501
Address


Defendant No. 15

MICHAEL DEGARABEDIAN
Full Name

ATTORNEY
Job Title

11 CLINTON AVENUE,

ROCKVILLE CENTRE, NEW YORK 11570
Address


Defendant No. 16

PATRICK HAUGHEY
Full Name

ATTORNEY
Job Title

P. O. BOX 305

BABYLON, NEW YORK        11702
Address

4

Defendant No. 17

ROBERT A. SCHWARTZ
Full Name

NASSAU COUNTY ACTING
SUPREME COURT JUDGE
Job Title

262 Old COUNTRY ROAD

MINEOLA, NEW YORK 11501
Address

Defendant No. 18

TERESA K. CORRIGAN
Full Name

ACTING SUPREME COURT JUDGE
Job Title

NASSAU COUNTY, 262 old Country Rd.

Mineola, NEW YORK 11501
Address

Defendant No. 19

MADELINE SINGAS
Full Name

DISTRICT ATTORNEY
Job Title

NASSAU COUNTY, 262 OLD COUNTRY RD.

MINEOLA, NEW YORK 11501
Address

Defendant No. 20

LAURA CURRAN
Full Name

COUNTY OF NASSAU EXECUTIVE
Job Title

1534 FRANKLIN AVENUE

MINEOLA, NEW YORK 11501
Address

Defendant No. 21

NASSAU COUNTY
FULL Name

EMPLOYER OF THE NASSAU COUNTY
Job Title

DETECTIVES/DISTRICT ATTORNEYS OFFICE,

JUDGES, 1534 FRANKLIN AVENUE,
Address

Mineola, NEW YORK 11501
Address

II. Statement of Claim:

Where did the events giving rise to your claim(s) occur? On the Southern State Parkway, West of Exit 17, Town of Hempstead, Nassau County.

When did the events happen? (include approximate time and date) July 4th, 2017, approximately 12:50pm, Tuesday.

Facts: (What happened?)

1. On July 4th, 2017, I, Joseph Calixte, Jr.-17004719, a licensed Taxi Driver, went to pick up a passenger in Queens, New York (See EXHIBIT A-LICENSE).

2. Plaintiff contends the passenger was in the backseat, with his belongings.

3. Unbeknowst to Plaintiff, the passenger had drugs with him.

4. Plaintiff proceeded on the Southern State Parkway towards his destination.

5. While driving on the Parkway, Police Officers William Gillespie, Kenneth M. Cozza, Paul Devore and Bill Walsch made a "Pretextual stop" of my Taxi (See EXHIBIT B-INCIDENT REPORT).

6. Officer William Gillespie had a gun pointed at my head and Ordered me out of my Taxi Vehicle.

7. The other Officers, Kenneth M. Cozza, Paul Devore and Bill Walsch had their guns drawn as well and at the passenger.

6

8. Plaintiff contends he did not give Officer William Gillespie consent to search my Taxi which he failed to advise me of my rights on the Search and failed to give me a "Consent Form" to fill out concerning the Search.

9. Plaintiff contends neither Officer, Kenneth M. Cozza, Paul Devore and Bill Walsch attempted to issue me a "Consent form" to Search my Taxi Vehicle.

10. Officer William Gillespie during his warrantless Search of my Taxi yeilded what appeared to be two plastic wrapped packages consisting of drugs (See EXHIBIT C-CASE ADOPTION).

11. My Taxi was impounded and me and the passenger was arrested for drug possession.

12. Detective John R. Longo of the State Police, Valley Stream Division assisted in writing a fabricated and fraudulent accusatory instrument stating, "subsequent to a traffic stop and consent search" and "being the observations of your deponent and police investigation", was fraudulent statements under oath in his two felony accusatory instruments (See EXHIBIT D-TWO FELONY COMPLAINTS).

13. Plaintiff contends John R. Longo perjured himself by writing both false statements to cover up the "Pretextual Stop" of his Taxi Vehicle and to protect Officers William Gillespie, Paul Devore, Kenneth M. Cozza, and Bill Walsch on their unlawful stop of my Taxi Vehicle, License plate Registration (T6511O9C).

14. Plaintiff contends there was never a Vehicle and Traffic Law stop of his Taxi Vehicle because Department of Motor Vehicles Abstract will show no ticket or infractions were issued on my Taxi Vehicle on July 4th, 2017 (See EXHIBIT E-ABSTRACT).

15. Plaintiff contends the Detectives William Gillespie, Kenneth M. Cozza, Paul Devore and Bill Walsch were all a part of the unlawful arrest, unlawful seizure and false arrest because they never secured or had probable cause as the "Arrest Report" indicates an act of fraud (See EXHIBIT F-ARREST REPORT).

16. The "Arrest Report" indicates in the "Arrest Information" section, number (67. Arrest Type), that a "CRIME IN PROGRESS" was used as another wrongful excuse to unlawfully stop my Taxi Vehicle.

17. Plaintiff contends the house he went to in Queens, New York to pick up the passenger was under illegal and unlawful surveillance by the Detectives from Nassau County District Attorneys Office.

18. Plaintiff contends the Detectives from Nassau County District Attorneys Office were William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers and Thomas Meehan.

19. Neither Detective had secured a warrant or authorization to surveil the private property where I picked up the passenger which the mechanically computerized Pole Camera was being illegally and unlawfully misused in violation of privacy rights which this warrantless Surveillance Video is being unlawfully used against me.

20. Plaintiff contends his false arrest, unlawful arrest and unlawful seizure violated his constitutional rights to be free from false imprisonment by these eight

Detectives, William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan and Bradley Molloy, and John R. Longo.

21. Detective Bradley Molloy was also part of covering up the illegal and unlawful stop of my Taxi since he acted in concert and aid and abetted Detective John R. Longo in assisting in the Narrative of the "Pretextual Stop" excuse of a "Vehicle and Traffic Law" Stop which was fraud (See EXHIBIT G-page Two of INCIDENT REPORT, Section NARRATIVE).

22. Plaintiff contends that all eight Law Enforcement Officers as Detectives, William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, John R. Longo and Bradley Molloy had actual and constructive knowledge of the Taxi having a passenger in the backseat and that when the felony complaints were written, that I can not be charged with a Criminal Possession of a Controlled Substance offense according to the Law.

23. Plaintiff contends the Criminal Possession of a Controlled Substance Statute when preparing the charges were all known by the Detectives, William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, John R. Longo and Bradley Molloy which I am exempt from being charged unlawfully since I am a licensed Taxi Driver (See EXHIBIT H).

24. Plaintiff contends Deputy Bureau Chief of Narcotics Christiana McSloy deprived me of my rights under color of law when she sanctioned and authorized two fraudulent Felony Complaints to

be unlawfully used against me in being charged with Criminal Possession of a Controlled Substance in the First and Third Degree due to having actual and constructive knowledge that I had a rear passenger in my Taxi and agreed with the felony complaints which she knew would cause me to be false imprisoned against my will (See EXHIBIT I - CASE ADOPTION, bottom page, Section: NASSAU COUNTY DA'S OFFICE).

25. Plaintiff contend the Deputy Bureau Chief of Narcotics Christiana McSloy is conspiring with the Detectives, William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, John R. Longo and Bradley Molloy in keeping me unlawfully imprisoned to protect them in their false arrest and unlawful seizure.

26. Plaintiff contends the Detectives William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, John R. Longo, Bradley Molloy and Christiana McSloy are utilizing the false arrest, unlawful seizure, unlawful arrest to maliciously prosecute me with unlawfully being charged with Criminal Possession of a Controlled Substance.

27. Detectives William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, John R. Longo, Bradley Molloy, and Christiana McSloy motion to dismiss my case should be denied.

## STATEMENT OF FACTS - PART II

28. On or about July - August, 2017, Plaintiff was court appointed a Attorney, Martha Leventhal to assist in preparing his case.

29. Attorney Martha Leventhal never provided me with the effective assistance of counsel to aid in my exoneration from the unlawful charges of Criminal Possession of a Controlled Substance in the First and Third Degree and Conspiracy in the Second Degree.

30. Attorney Martha Leventhal had actual and constructive knowledge of the fact I was exempt from being charged with the rear passenger since she knew I was a licensed Taxi Driver.

31. Attorney Martha Leventhal deprived me of my rights under color of law to be free from false arrest, unlawful arrest, unlawful seizure, False imprisonment, unlawful imprisonment and malicious prosecution which she deliberately and intentionally failed to seek my immediate release with Dismissal Motions which she knew the two felony complaints consist of fraud and perjured statements by the Detective John R. Longo, who she was protecting from the fraud.

32. Attorney Martha Leventhal violated my constitutional rights by aiding in the prosecutor's case and failed to relieve me of the false charges, as a favor to the prosecutions case.

33. Attorney Martha Leventhal Motion to dismiss my case should be denied.

## STATEMENT OF FACTS
### PART III

34. Plaintiff fired attorney Martha Leventhal and retained another Attorney, ELLIOT J. BLUMENTHAL to aid in his release.

35. On or about the end of August — the end of September, 2017, attorney ELLIOT J. BLUMENTHAL was aiding the prosecutor, Assistant District Attorney Tova B. Simpson in maliciously prosecuting me by deliberately and intentionally refusing to submit a dismissal Motion of the drug charges.

36. ELLIOT J. BLUMENTHAL intentionally interferred with me testifying at the Grand Jury to expose the prosecutor Tova B. Simpson's case which I would have revealed to the Grand Jury of the pretextual stop and false arrest and false charges since I am a Taxi Driver who had a rear passenger in my Taxi Vehicle.

37. ELLIOT J. BLUMENTHAL deliberately gave me bad advice not to testify at the Grand Jury and knowing to testify would have aided in my release and as a favor to the prosecutor Tova B. Simpson, would not seek my release due to the exemption of being charged with Criminal Possession of a Controlled Substance.

38. Plaintiff contends Attorney ELLIOT J. BLUMENTHAL had actual and constructive knowledge that I was being maliciously prosecuted by the prosecutor Tova B. Simpson and refused to aid in my **release** from the unlawful drug charges as he conspired with Tova B. Simpson to keep me under false arrest, unlawful arrest, unlawful seizure, false imprisonment, unlawful imprisonment and malicious prosecution, his motion to dismiss my case should be denied.

STATEMENT OF FACTS
PART IV

39. On or about September 28th, 2017, Tova B. Simpson, Nassau County Assistant District Attorney of the Streets Narcotics Gang Bureau arranged for a Grand Jury to have me indicted on fraudulent, perjured testimony and false statements and a warrantless Surveillance Video and illegally and unlawfully obtained drugs of a unconsented Search of a Taxi Vehicle.

40. Tova B. Simpson deliberately and intentionally and unlawfully charged me with a Criminal Possession of a Controlled Substance in the First and Third Degree and Conspiracy in the Second Degree, which as a licensed Taxi Driver with a rear passenger, I am exempt from being charged with any Criminal Possession of a Controlled Substance.

41. Tova B. Simpson utilized fraudulent information from two felony complaints to obtain her indictment.

42. Tova B. Simpson utilized a warrantless Surveillance Video to obtain her indictment.

43. Tova B. Simpson utilized drugs obtained from a Pretextual Stop of a Taxi Vehicle to obtain her indictment.

44. Tova B. Simpson had actual and constructive knowledge of Detective John R. Longo's fraudulent contained felony complaints and refused to correct them which she knew would be used in her malicious prosecution of the Plaintiff.

45. Tova B. Simpson violated my constitutional rights to be free from malicious prosecution, false arrest, unlawful Seizure, False imprisonment, unlawful imprisonment, her motion to dismiss my case should be denied.

STATEMENT OF FACTS
PART    V

46. On or about September 29th, 2017, Tova B. Simpson, Assistant District Attorney of the Streets Narcotics Gang Bureau, obtained her indictment predicated from fraud of the unlawfull charges of Criminal Possession of a Controlled Substance in the First and Third Degree and Conspiracy in the Second Degree against the Plaintiff.

STATEMENT OF FACTS
PART    VI

47. On or about October — November, 2017, Plaintiff after firing (ELLIOT J. BLUMENTHAL), retained another attorney, a William J. Kephart who had actual and constructive knowledge of the two fraudulent felony complaints written by Detective John R. Longo and knew I could not be charged with Criminal Possession of a Controlled Substance and Conspiracy.

48. Plaintiff contends as a favor to the Detective John R. Longo and Tova B. Simpson, he refused to have the drug charges and warrantless Surveillance Video dismissed to help aid the prosecutor, Tova B. Simpson and Detective John R. Longo in their malicious prosecution to have me eventually convicted on the fraudulent charges.

49. Attorney William J. Kephart conspired with the prosecutor Tova B. Simpson and Detective John R. Longo to keep me in Jail under False Arrest, unlawful Seizure, False imprisonment, unlawful imprisonment and malicious prosecution, his motion to dismiss my case should be denied.

STATEMENT OF FACTS
PART    VII

50. On or about the end of November — December, 2017, Plaintiff retained another attorney after firing (William J. Kephart),

Plaintiff receives court appointed attorney, KENNETH ST. BERNARD.

51. Kenneth St. Bernard had actual and constructive knowledge that the Felony Complaints consist of fraud and perjured testimony and false statements and that I was exempt from being charged with Criminal Possession of a Controlled Substance and conspiracy because he knew the prosecutor Tova B. Simpson did not have a warrant, for the Surveillance Video.

52. Kenneth St. Bernard refused to aid in my release from the false arrest and False imprisonment and was conspiring with the prosecutor Tova B. Simpson to keep me in Jail against my will as a favor which he refused to Dismiss the charges upon a Motion and was allowing me to be maliciously prosecuted.

53. Kenneth St. Bernard motion to dismiss my case should be denied.

STATEMENT OF FACTS
PART        VIII

54. Plaintiff, on or about December, 2017 — May 29th, 2018, retains another attorney, MICHAEL DEGARABEDIAN who from the beginning of being attached to my case and having actual and constructive Knowledge of me being exempt from being charged with Criminal Possession of a Controlled Substance and knowledge of the Felony complaints consisting of fraud and the prosecutor Tova B. Simpson utilizing a warrantless Surveillance Video and the illegal and unlawful Pretextual Stop of my Taxi Vehicle, was conspiring with Tova B. Simpson to allow me to remain in Jail against my will under false arrest, false imprisonment, unlawful imprisonment and to be maliciously prosecuted with a indictment based from fraudulent evidence.

55. On or about February 23, 2018, the rear passenger of the Taxi Vehicle pleads guilty to the drugs found in the Taxi and accepts full responsibility of the drugs (See EXHIBIT J).

56. Michael Degarabedian as a favor to the prosecutor Tova B. Simpson, refused to aid in my release from the unlawful charges and knew I was being maliciously prosecuted; his motion to dismiss my case should be denied.

STATEMENT OF FACTS - PART IX

57. Plaintiff fired attorney (Michael Degarabedian) and retained another attorney, PATRICK HAUGHEY, who on or about the end of May — July 9th, 2018, who had actual and constructive Knowledge of the fraudulent felony complaints, he had Knowledge the prosecutor Tova B. Simpson was using a warrantless Surveillance Video as evidence and knew of the Pretextual Stop of his Taxi Vehicle, deliberately and intentionally refused to aid in my release, which he knew I was exempt from being charged with Criminal Possession of a Controlled Substance and that the rear passenger plead guilty to the drugs found in the Taxi, allowed me to be maliciously prosecuted by the prosecutor Tova B. Simpson.

58. Patrick Haughey motion to dismiss my case should be denied.

STATEMENT OF FACTS PART X

59. On or about June 25th, 2018, Plaintiff mailed a letter to the Honorable DISTRICT ATTORNEY MADELINE SINGAS of NASSAU COUNTY to issue my release which I received no answer (see EXHIBIT K).

## STATEMENT OF FACTS-PART XI

60. On or about October, 2017 — June, 2018, Judge Robert A. SCHWARTZ presided over my criminal case which he had actual and constructive knowledge of my status as a licensed Taxi Driver and had a passenger in the rear backseat who accepted responsibility to the drugs found in my Taxi which the passenger plead guilty before him on *(2/23/18).

61. Judge Robert A. Schwartz deprived me of my rights under color of law to be free from unlawful imprisonment, false arrest, unlawful Seizure, False imprisonment and is allowing the prosecutor Tova B. Simpson to maliciously prosecute me with fraud upon the Court.

62. Judge Robert A. Schwartz had actual and constructive knowledge that the arresting Detectives of Nassau County District Attorneys Office made a "Pretextual Stop" of my Taxi, who were William Gillespie, Kenneth M. Cozza, Paul Devore and Bill Walsch.

63. Judge Robert A. Schwartz had actual and constructive knowledge the prosecutor unlawfully charged me with Criminal Possession of a Controlled Substance and Conspiracy and knew I was exempt from being charged as a Taxi Driver, and as a favor to the prosecutor Tova B. Simpson, let it pass.

64. Judge Robert A. Schwartz allowed the prosecutor Tova B. Simpson deprive me of my rights under color of law to be free of a malicious prosecution and refused to submit his own Motion to dismiss the prosecutor's malicious prosecution case, his motion to dismiss my case should be denied.

17

<u>STATEMENT OF FACTS-PART XII</u>

65. On or about June 19th — present, 2018, Judge Teresa K. Corrigan presided over my criminal case after (Judge Robert A. Schwartz) and she had actual and constructive knowledge over the issues of my case involving me being a licensed Taxi Driver and the fact I am exempt from being charged with Criminal Possession of a Controlled Substance.

66. Plaintiff submitted numerous Dismissal and Severance Motions in support of my false arrest, false imprisonment, Unlawful imprisonment.

67. Upon information and belief, Judge Teresa K. Corrigan as a favor to the prosecutor Tova B. Simpson, refused to dismiss my case on the law and allowed Tova B. Simpson to maliciously prosecute me on false charges.

68. Judge Teresa K. Corrigan allowed Tova B. Simpson utilize "fraud upon the Court" through her warrantless Surveillance video, perjured testimony and false statements from two felony complaints and drugs from a "Pretextual Stop" of my Taxi Vehicle.

69. Judge Teresa K. Corrigan refused to release me on or about (August 20, 2018), on my Immediate Release Motion which the prosecutor Tova B. Simpson failed to submit her Answer Affirmation which she has now conceded.

70. Judge Teresa K. Corrigan refused to dismiss the indictment which was obtained through fraud by the prosecutor Tova B. Simpson and is aiding the prosecutor Tova B. Simpson to deprive me of my rights under color of law to be free

from illegal detainment and Tova B. Simpson's malicious prosecution.

71. Judge Teresa K. Corrigan for conspiring with the prosecutor Tova B. Simpson in her malicious prosecution case against me, and allowing "fraud upon the Court" through tainted evidence of the prosecutor Tova B. Simpson, her motion to dismiss my case should be denied.

## STATEMENT OF FACTS-PART XIII

72. On or about July 25th, 2018, Plaintiff sent a letter through U.S. Postal Service concerning my unlawful imprisonment, false arrest, unlawful seizure, false imprisonment and malicious prosecution and received no aid or assistance from the Nassau County Executive, Laura Curran (See EXHIBIT·L).

73. Plaintiff contends the County Executive Laura Curran has the power to direct the Nassau County District Attorney (Madeline Singas) to order my immediate release from being unlawfully charged with Criminal Possession of a Controlled Substance and Conspiracy Since the District Attorney (Madeline Singas) has actual and constructive knowledge that I am exempt from being charged with any drugs as a licensed Taxi Driver.

74. Plaintiff contends the County Executive of Nassau County, Laura Curran is allowing me to be maliciously prosecuted by Nassau County District Attorneys Office and Supreme Court Judge, Tova B. Simpson and Teresa K. Corrigan, Laura Curran's Motion to dismiss my case should be denied.

STATEMENT OF FACTS
PART XIV

75. Plaintiff contends the County of Nassau and by its Executive Laura Curran are responsible for preventing further injury to me with the false arrest, false imprisonment, unlawful imprisonment and malicious prosecution of Tova B. Simpson, the Assistant District Attorney and Judge Teresa K. Corrigan, who is now presiding over my case.

76. The County of NASSAU is responsible for its employees who are William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Thomas Biggers, Thomas Meehan, Bradley Molloy, Christiana McSloy, Madeline Singas, Judge Robert A. Schwartz who all are attached to the liability of me unlawfully being charged with Criminal Possession of a Controlled Substance.

77. The County of NASSAU through its Executive Laura Curran is allowing me to be falsely imprisoned against my will and maliciously prosecuted.

78. The County of NASSAU through its Executive, Motion to dismiss my case should be denied.

79. Plaintiff has specifically placed in separate self-addressed stamped envelopes, with each individual name, Madeline Singas and one with Laura Curran, properly addressed and sealed, placed in a Nassau County Jail U.S. Postal Service in house Mailbox, which is always locked and opened by Administrative Staff, who opens the lock, removes the mail and delivers it to Processing for U.S. Postal Service to deliver to their separate destinations.

80. Defendant William Gillespie violated my 4th, 5th, 8th and 14th Amendment rights.

81. Defendant Kenneth M. Cozza violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

82. Defendant Paul Devore violated my 4Th, 5Th, 8Th and 14th Amendment rights.

83. Defendant Bill Walsch violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

84. Defendant John R. Longo violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

85. Defendant Thomas Biggers violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

86. Defendant Thomas Meehan violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

87. Defendant Bradley Molloy violated my 4Th, 5Th, 8Th and 14Th Amendment rights.

88. Defendant Christiana McSloy violated my 5Th, 8Th and 14Th Amendment rights.

89. Defendant Martha Leventhal violated my 6Th, 5Th, 14Th, 8Th Amendment rights.

90. Defendant ELLIOT J. BLUMENTHAL violated my 5Th, 6Th, 8Th, 14Th Amendment rights.

91. Defendant Tova B. Simpson violated my 4th, 5Th, 8Th and 14Th Amendment rights.

92. Defendant William J. Kephart violated my 5Th, 6Th, 8Th and 14Th Amendment rights.

93. Defendant Kenneth St. Bernard violated my 5Th, 6Th, 8Th and 14Th Amendment rights.

94. Defendant Michael DeGarabedian violated my 5th, 6th, 14th and 8th Amendment rights.

95. Defendant Patrick Havehey violated my 5th, 6th, 8th and 14th Amendment rights.

96. Defendant Robert A. Schwartz violated my 5th, 8th and 14th Amendment rights.

97. Defendant Teresa K. Corrigan violated my 5th, 8th and 14th Amendment rights.

98. Defendant MADELINE SINGAS violated my 5th, 8th and 14th Amendment rights.

99. Defendant LAURA Curran violated my 5th, 8th and 14th Amendment rights.

100. Defendant NASSAU COUNTY violated my 5th, 8th and 14th Amendment rights.

II. Injuries. If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

My injuries are more psychological than physical. I have trouble sleeping and resting. The Mental Health Department here at the Jail has helped me cope with my anxiety and focus. I take (Zoloft) to help me stay sane in the Jail. Sometimes I have nightmares but the (Zoloft) helps. The Stress, Tension, post traumatic stress of my Jail time has me off balance because I never been in Jail before and its been over a year already. I receive periodic counsel sessions with the psych Doctors to make sure everything is alright.

III. Relief: State what relief you are seeking if you prevail on your complaint.

COMPENSATORY, FORESEEABLE, MORATORY, GENERAL, CONSEQUENTIAL, PROXIMATE DAMAGES: $20,000,000.00, PUNITIVE DAMAGES: $5,000,000.00, for MALICIOUS PROSECUTION, FALSE IMPRISONMENT, FALSE ARREST, UNLAWFUL IMPRISONMENT for violating my $4^{th}, 5^{th}, 6^{th}, 8^{th}$ and 14th AMENDMENT RIGHTS, TITLE 18 U.S.C. §241, 242 for deprivation of Rights Under Color of Law, Conspiracy AGAINST Rights and Attorney Fees.

I declare under penalty of perjury that on 10/18/19 I delivered this complaint to prison authorities at Nassau County Correctional Center to be mailed to the United States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/18/19

Joseph Cabato
Signature of Plaintiff

NASSAU COUNTY CORRECTIONAL CENTER
Name of Prison Facility or Address if not incarcerated

100 CARMAN AVENUE — E2D10
EAST MEADOW, N.Y.
11554
Address

170 04719
Prisoner ID

24