UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
JOSEPH CALIXTE, JR.,

                             *Plaintiff*,

            -against-

TOVA B. SIMPSON *et al*,

                             *Defendants*.
------------------------------------------------X
JOSEPH CALIXTE, JR.,

                             *Plaintiff*,

            -against-

WILLIAM GILLESPIE *et al*.,

                             *Defendants*.
--------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**
18-cv-04186 (JMA) (JMW)

19-CV-05898 (JMA) (JMW)

**A P P E A R A N C E S:**

    **Joseph Calixte, Jr.**
    20-A-0775
    ORLEANS CORRECTIONAL FACILITY
    3531 Gaines Basin Road
    Albion, NY 14411-9199
    *PRO SE Plaintiff*

    Thomas B. Ferris, Esq.
    **Nassau County Attorney**
    Litigation & Appeals
    1 West Street, Ste 2nd Floor
    Mineola, NY 11501
    *Attorney for William Gillespie, Kenneth M. Cozza, Paul Devore, Bill Walsch, Patrick Gillespie, John R. Longo, Thomas Biggers, Thomas Meehan, Bradley Molloy, Christiana*

1

*McSloy, Tova B. Simpson, Madeline Singas, Laura Curran, Paul Devore, and Nassau County*

**Lori L. Pack, Esq.**
300 Motor Parkway
Hauppauge, NY 11788
*Attorney for John R. Longo and Teresa K. Corrigan*

Antonella Falzarano, Esq.
**New York State Attorney General's Office**
300 Motor Parkway Suite 230
Hauppauge, NY 11788
*Attorney for John R. Longo*

*No Appearance for Robert A. Schwartz or Patric Brand*

**WICKS**, Magistrate Judge:

Plaintiff Joseph Calixte Jr. commenced two actions, pursuant to 42 U.S.C. § 1983, against Defendants[1] alleging violations of his civil rights. Specifically, Plaintiff alleges that his constitutional rights were violated when he was subjected to an unlawful traffic stop and subsequent search. He asserts that as a result of the search which recovered drugs in the car, he was falsely arrested, unlawfully seized, falsely imprisoned and maliciously prosecuted.

---

[1] The Defendants in *Calixte v. Simpson et al,* No. 18-cv-4186 (E.D.N.Y. 2018) are as follows: Tova B. Simpson, Narcotics Gang Bureau Assistant District Attorney; John R. Longo, Detective/New York State Trooper; Kenneth M. Cozza, Special Investigator/Detective in Nassau County District Attorney; Patric Brand, Senior Assistant District Attorney Special Operations of Street Narcotics; Bill Walsch, Investigator in Nassau County District Attorney's Office; Patrick Gillespie, Investigator; Paul Devore, Investigator; Thomas Meehan, Investigator; Robert A. Schwartz, County Judge; and Teresa K. Corrigan, County Judge.

The Defendants in *Calixte v. Gillespie et al,* No. 19-cv-05898 (E.D.N.Y. 2019) are as follows: William Gillespie, Detective of Nassau County District Attorneys Office; Kenneth M. Cozza; Paul Devore, Detective of Nassau County District Attorneys Office; Bill Walsch, Detective of Nassau County District Attorneys Office; John R. Longo; Thomas Biggers, Detective in Nassau County District Attorney's Office; Thomas Meehan, Detective in the Nassau County District Attorney's Office; Bradley Molloy, Detective in the Nassau County District Attorneys Office; Christiana McSloy, Deputy Bureau Chief of Narcotics of Nassau County District Attorneys; Tova B. Simpson; Robert A. Schwartz; Teresa K. Corrigan; Madeline Singas, District Attorney of Nassau County; Laura Curran, County of Nassau Executive; and Nassau County.

2

Presently before this Court is Defendants' motion to stay this case pending resolution of Plaintiff's underlying criminal case given that the criminal case's outcome hinges on the outcome in the civil case. For the reasons stated herein, Defendants' motion to stay is **GRANTED**.

## BACKGROUND

Plaintiff is a licensed taxi driver. (Complaint, *Calixte v. Simpson, et al.,* No. 18-cv-4186 (JMA) (JMW) (E.D.N.Y. Sept. 17, 2018), ECF No. 1 at 4) ("*Calixte v. Simpson, et al*"). He alleges that on July 4, 2017, he picked up a passenger at a house in Queens, New York which was under surveillance. (*Id.*) As he proceeded to drop his passenger off, he was stopped by the police who had their "guns drawn." (*Id.*) He was told to get out of the car and Detective Cozza and another officer searched the car without Plaintiff's consent. (*Id.*) Detective Longo arrived at the scene shortly after. [2] (*Id.*)

Upon searching the vehicle, the officers found what appeared to be drugs in the backseat of the vehicle and both the passenger and Plaintiff were arrested shortly after. [3] (*Id.* at 6.)

---

[2] The officers at the scene were later identified as Officers Gillespie, Cozza, Devore, and Walsch and Defendants Biggers, Meehan, McSloy and Molloy also participated in the eventual fabrication of the allegedly unlawful stop. (Complaint, *Calixte v. Gillespie, et al.,* No. 19-cv-05898 (JMA) (JMW) (E.D.N.Y. Oct. 18, 2019), ECF No. 1 at 6, 9-10) ("*Calixte v. Gillespie, et al.*") As to the other Defendants, Plaintiff additionally avers that Judge Schwartz deprived him of his rights since he had "actual and constructive knowledge" that the Defendants made a pretextual stop and the prosecutor unlawfully charged him. (*Id.* at 17.) Plaintiff also maintains that Judge Teresa Corrigan refused to release him despite the warrantless surveillance video, perjured testimony and false statements in the felony complaints. (*Id.* at 18.) As to Defendant Curran, Nassau County Executive, Plaintiff states he sent a letter regarding this unlawful incident but claims that Curran did nothing to direct the Defendants Madline Singas and Tova Simpson, to order his immediate release. (*Id.* at 19.) Finally, the County of Nassau is liable for having employed all of the individual Defendants. (*Id.* at 20.)

[3] The taxi passenger was allegedly involved in a drug conspiracy. (*See Calixte v. Simpson, et al.,* ECF No. 1-4.) In Cozza's affidavit in support of an application for an eavesdropping warrant, he states that Calixte was involved in drug transactions with other members of the crime. (*Id.*) During the search, the officers recovered "two packages individually wrapped in black plastic that [was] recognize[d] to be approximately one kilogram sized package[] of cocaine" from Plaintiff's vehicle. (*Id.*)

Plaintiff and the passenger were equally charged with criminal possession of a controlled substance in the first and third degree as well as conspiracy in the second degree. (*Id.*)

Around September 29, 2017, Plaintiff was indicted and confined for an alleged conspiracy to distribute drugs. (*Id.* at 41.) On February 23, 2018, the passenger pled guilty to the criminal possession of a controlled substance in the third degree and received a three-year sentence plus two years of post-release supervision. (*Id.* at 6.) Plaintiff refused to plead guilty since, as a taxi driver, he believes he cannot be charged and found guilty for drugs found in his vehicle if a passenger was in it. (*Id.*) (citing N.Y. Pen. L. § 220.25(1)). Nonetheless, Longo and Cozza state they made a lawful Vehicle and Traffic Law ("VTL") non-pretextual stop. (*Id.*) Plaintiff alleges there were no VTL violations and Longo authored the felony complaints against Plaintiff, yet Longo was not present during the entire duration of the stop. (*Id.* at 13.)

Plaintiff claims that as a result of the police encounter, he experienced anxiety, depression, and "probably Post Traumatic Stress Disorder" and is currently being seen for mental health issues. (*Id.* at 4.) He requests that any false charges against him be dismissed as well as $25 million for Defendants' violation of his constitutional rights. (*See id.*)

## **PROCEDURAL BACKGROUND**

Upon case opening, Defendants filed a motion to stay the civil cases pending disposition of Plaintiff's underlying criminal case. (*Calixte v. Gillespie, et al.,* ECF No. 9.) The Hon. Joan M. Azrack granted the stay. (*Calixte v. Simpson, et al.,* Electronic Order dated Jan. 9, 2019); (*Calixte v.Gillespie, et al.,* Electronic Order dated Dec. 6, 2019.) On June 22, 2020, Defendants reported that Plaintiff was confined and sentenced on February 13, 2020 and was incarcerated at the Greene Correctional Facility. (*Calixte v. Simpson, et al.,* ECF No. 18.) The stay was then vacated. (*Calixte v. Simpson, et al.,* Electronic Order dated June 26, 2020.) However, on July

4

15, 2020, Plaintiff informed the Court that he appealed his criminal case to the Second Department and requested a continued stay and a stay was once again granted.  (*Calixte v. Simpson, et al.,* ECF No. 24; Electronic Order dated Aug. 18, 2020.)  In light of the pending appeal, the stay continued in the case for several years.  (*Calixte v. Gillespie, et al,* ECF Nos. 44 and 51; Electronic Orders dated Aug. 8, 2023 and July 31, 2024.)

However, on August 19, 2024, Plaintiff requested that the stay be lifted because the criminal appeal had been reversed on July 31, 2024.  (*Calixte v. Simpson, et al.*, ECF No. 67.)  He further requested leave to amend the complaints in both actions.  (*Id.*)  The undersigned lifted the stay and scheduled a status conference to take place in mid-September.  (*Calixte v. Simpson, et al.,* Electronic Order dated Aug. 22, 2024.)  However, Defendants' counsel recently filed a motion to stay the proceedings, administratively close the civil cases pending resolution of Plaintiff's criminal case or hold a pre-motion conference or impose briefing schedule for their anticipated motion to dismiss.  (*Calixte v. Simpson, et al.*, ECF No. 68.)  They argue that a stay should be imposed here since Plaintiff's underlying criminal case forms the basis of his civil suit—which challenges the legitimacy of his arrest and prosecution—and a new criminal trial was recently ordered by the Second Department.  (*Id.*)  Defendants state that "[b]ecause the rules of civil discovery are more liberal than under the Criminal Procedure Law, Plaintiff could use discovery in this action to circumvent the permissible discovery limits available in criminal proceedings."  (*Id.* at 2.)

Plaintiff was given an opportunity to oppose the motion by September 4, 2024 but has not done so.  (*Calixte v. Gillespie, et al.*, ECF No. 71) (indicating Plaintiff was served with the order to oppose the motion to stay on August 29, 2024).

5

## **LEGAL STANDARD**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Exercising that inherent power, federal courts 'have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense.'" *See Sec. & Exch. Comm'n v. Sterritt*, 21-CV-2008 (KAM) (PK), 2021 WL 2184942, at *3 (E.D.N.Y. May 28, 2021) (citation omitted). The party seeking the stay shoulders the burden of establishing its need. *Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16-cv-6848 (DLI)(VMS), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) (citation omitted). A six-factor test is utilized in this Circuit when considering whether to stay civil proceedings pending the outcome of a party's criminal case. Courts ordinarily consider

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). No one factor is dispositive, and the appropriateness of the stay ultimately rests within the sound discretion of the district court. *Sterritt*, 2021 WL 2184942, at *4. With these principles in mind, the Court addresses each factor in turn.

A. **Overlap of Issues**

The first factor – and perhaps the most important consideration -- concerns the overlap of issues between the civil and criminal cases. Courts have repeatedly held that this is a particularly potent factor. *See In re 650 Fifth Ave.*, No. 08-CV-10934, 2011 U.S. Dist. LEXIS 91363, at *13 (S.D.N.Y. Aug. 12, 2011) ("The most important factor at the threshold is the first factor: the degree to which the civil issues overlap with the criminal issues.") (citing *Volmar Distribs., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *Stamile v. Cnty. of Nassau*, No. 10-CV-2632, 2011 WL 1754125, at *4 (E.D.N.Y. Jan. 31, 2011). Stays are more likely to be granted if the "civil and criminal actions involve the same subject matter." *Harris v. Nassau Cnty.*, No. 13-cv-4728, 2014 U.S. Dist. LEXIS 94554, at *8-9 (E.D.N.Y. July 11, 2014) (finding overlapping issues in both actions which both stemmed from plaintiff's allegedly unlawful arrest, indictment, and prosecution). Particularly relevant here, "[i]n section 1983 cases premised on claims of false arrest and malicious prosecution, the plaintiff's civil claims are wholly dependent upon the outcome of the [civil case's parallel] criminal proceedings." *Philogene-Bey v. City of New York,* 17-CV-1486 (ENV), 2017 U.S. Dist. LEXIS 228077, at *6 (E.D.N.Y. Dec. 27, 2017) (internal citations omitted).

A review of the Complaints in both civil cases and consideration of the underlying facts in the criminal case militate towards the granting of a stay given the dramatic overlap of facts. Indeed, the facts and issues that make up the civil complaint are predicated on the very same facts surrounding the criminal complaint. Claims in both arise from the alleged false arrest, prosecution, conviction, and sentencing stemming from the July 4, 2017 events.[4] The substantial

---

[4] Because this case includes a malicious prosecution claim, the court "must await the outcome of the criminal proceeding because no such cause of action can exist unless there is a favorable termination of the charge." Order, *Burris v. Nassau County District Attorney et al,* No. 14-cv-05540 (PKC) (ARL), (E.D.N.Y. Dec. 17, 2014), ECF No. 20 at 2. And the same is true for Plaintiff's false arrest claim: "If

7

overlap between the factual issues underlying both the criminal and civil cases justify granting the stay.

### B. Status of the Cause

As to the status of the criminal proceeding, Plaintiff was indicted and subsequently convicted and sentenced on February 13, 2020. (*Calixte v. Simpson, et al.*, ECF No. 18); *see In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). Plaintiff appealed his criminal conviction to the Second Department and his conviction was reversed. (*Calixte v. Simpson, et al.*, ECF No. 67.) However, Defendants state that the District Attorney's office intends to continue with a new trial on the criminal matter. (*Calixte v. Simpson, et al.*, ECF No. 68.) A new assistant district attorney has not yet been assigned to the newly opened case. The ongoing and intricate status of the criminal proceedings in this case weigh in favor of granting a stay.

### C. Plaintiff's Interest

The third factor balances the interests of the plaintiff in having a speedy resolution of the civil case against the prejudice to plaintiff that would be caused by the delay of the stay. Plaintiff has not filed an opposition to the motion but may be prejudiced if the case is not resolved expeditiously or if he cannot obtain certain discovery to prosecute his case.[5] However,

---

Plaintiff is ultimately convicted in his criminal case, his false arrest claim will therefore not survive. Plaintiff's criminal action will thus have a direct effect on his civil false arrest claim." *Okoli v. County of Nassau,* 15-CV-0701(JS)(SIL), 2015 U.S. Dist. LEXIS 163608, at *5 (E.D.N.Y. Dec. 7, 2015) (citing *McLaurin v. New Rochelle Police Officers*, 439 F. App'x 38, 39 (2d Cir. 2011)) (holding that a conviction of an underlying criminal act establishes probable cause for an arrest).

[5] Plaintiff's prior letters indicate that he would have probably opposed the stay so that he could amend the Complaints in both actions to focus more on Fourth Amendment and due process issues. (*Calixte v.*

8

because Plaintiff has not articulated such prejudice and because a new trial is likely to be calendared soon, the Court finds that Plaintiff will likely suffer *minimal* prejudice.  (*Calixte v. Simpson, et al.*, ECF No. 68) (stating that a conference had been scheduled for the new criminal case); *see Harris,* 2014 U.S. Dist. LEXIS 94554 at *11.

### D. Defendants' Interest

The fourth factor entails considering the possible prejudice to the Defendants should the stay not be imposed.  Defendants state that the criminal proceedings engulf the civil matters here and even point to a potential abuse by Plaintiff in seeking more discovery than would be allowed in a criminal case.  This point is well taken and was similarly stated in *Agran v. City of New York,* 95 Civ. 2170 (JFK), 1996 U.S. Dist. LEXIS 6699, at *6 (S.D.N.Y. May 16, 1996):

> Because the scope of criminal discovery is significantly narrower than the scope of civil discovery, compliance with Plaintiffs' civil discovery requests may well prejudice the Bronx District Attorney's prosecution of Agran for disorderly conduct. *Permitting Agran to access the City Defendants' records through civil discovery could vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by criminal discovery rules*.

(emphasis added); *see also Johnson v. N.Y. City Police Dep't,* 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (finding that a stay is typically granted in a case in which a plaintiff has been indicted because the civil action can "expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case").  In light of the possible misuse of discovery here, the Court finds this factor favors a stay.

---

*Simpson, et al.*, ECF No. 67.)  Still, he has not identified any prejudice and the Court need not devise those arguments here.

### E. The Court's Interest

The interest of the Court is the fifth factor to consider in determining whether a stay is warranted. Courts generally have an interest in staying civil cases pending the resolution of parallel criminal cases because "[a] stay of the civil action while the criminal case moves forward would avoid a duplication of efforts and a waste of judicial time and resources." *SEC v. Shkreli*, 15-CV-7175 (KAM) (RML), 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (internal quotation marks omitted); *see Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 622 (S.D.N.Y. 2020) ("Staying this [civil] action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter.") This, of course, is because evidence gathered and employed during the criminal case may then helpfully be used in the civil matter. *See Johnson v. New York City Police Dept,* No. 01 Civ. 6570 (RCC) (JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) ("Not only would a conviction in the criminal action negate some or all of the plaintiff's claims, but the criminal action may make future civil discovery more efficient since transcripts from the criminal case would be available."). Accordingly, the Court's interest weighs in favor of the issuance of a stay.

### F. Public Interest

Courts have consistently concluded that, on balance, the public's interest in the effective enforcement of criminal law trumps the interest in seeing a civil litigation move forward. *See Sterritt*, 2021 WL 2184942, at *6 ("Ultimately, the court concludes that the public's interest in the effective enforcement of the criminal law is the paramount public concern."). As such, the final factor weighs in favor of the stay. [6]

---

[6] Although the motion to stay was only filed in *Calixte v. Simpson, et al.*, the Court finds that both cases should be stayed because of the intersection of parties in both civil cases and the criminal suit.

10

## CONCLUSION

On balance, the relevant factors weigh greatly in favor of the imposition of a stay in this matter. Defendants' motion for a stay of the present civil suits pending the outcome of the parallel criminal proceeding is therefore **GRANTED**. Defendants shall notify the Court when the criminal case is complete. Defendants are directed to serve a copy of this Order upon Plaintiff on or before **September 20, 2024** and file proof of service on ECF.

Dated: Central Islip, New York
September 17, 2024

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge